IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JESSE SANDOVAL,

                  Plaintiff

        VS.

CARL LIFT, M.D. and
DAVID BUTTS,

                  Defendants

NO. 5:07-CV-293 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Currently pending before the court is defendants' MOTION FOR SUMMARY JUDGMENT. (Tab # 14). This motion is supported by a statement of facts, a brief, affidavits, and numerous exhibits. Plaintiff Jesse Sandoval has filed a response to the defendants' motion.(Tab #17).

LEGAL STANDARDS

A. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

### B. MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991).[2] Moreover, *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93.

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

[2] Vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994).

DISCUSSION

In his complaint, plaintiff Sandoval contends that the defendants violated his constitutional rights through their deliberate indifference to his medical needs and by way of retaliatory transfer. Specifically, he contends that the defendants were deliberately indifferent to his serious medical needs by failing to properly provide him with (a) proper medication,( b) sunglasses, (c) proper medical "profiles", and (d) a proper diet. Plaintiff also contends that, as a result of his filing grievances about the aforementioned claims, defendants retaliated against him by refusing to provide medical treatment and by transferring him to another prison.

The defendants have submitted a number of materials in support of their MOTION FOR SUMMARY JUDGMENT, including certified copies of plaintiff's medical records, statements and affidavits from physicians who have treated plaintiff Sandoval, plaintiff's transfer records along with the affidavit of the administrator responsible for maintaining transfer records, and copies of various GDOC SOPs. A review of this evidence demonstrates (1) that defendant Lift prescribed a physical therapy regime tailored to plaintiff's needs; (2) that defendant Lift evaluated, reviewed, and prescribed medication and medical profiles for plaintiff based on plaintiff's health care needs; (3) that plaintiff Sandoval was not refused medical treatment; rather (4) that plaintiff was seen at both regularly scheduled intervals and on sick calls while housed at Hancock State Prison ("HSP"); and (5) that plaintiff was transferred not out of retaliation, but in order to accommodate incoming special-diet needs inmates transferring in to HSP.

In his response to the defendants' motion, plaintiff has submitted no medical evidence to support his contentions that the defendants were deliberately indifferent to his serious medical needs while he was incarcerated at HSP. Furthermore, he has submitted no evidence beyond a restatement of his own conclusory allegations in support of his assertion that the defendants transferred him in retaliation for his filing grievances. In short, the plaintiffs' allegations are insufficiently supported to withstand the defendants' Motion for Summary Judgment.

Accordingly, since it appears that the defendants are entitled to judgment as a matter of law, IT IS THE RECOMMENDATION of the undersigned that the Motion for Summary Judgment filed on their behalf be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED, this 3rd day of SEPTEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE